Michael J.S. Pontone, Esq.
The Law Offices of Michael J.S. Pontone, Esq., P.C.
Attorneys for Plaintiff
233 Broadway, Suite 2340
New York, NY 10279
Tel: (917) 648-8784
Email: michael@pontonelaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANATOLE KALETSKY, individually and on behalf of others similarly situated,

                        Plaintiff,

   -against-

CRAIGSLIST, INC., BANK OF AMERICA, N.A., and WELLS FARGO BANK, N.A.,

                      Defendants.

CASE NO.:

1:25-cv-1852

**VERIFIED CLASS ACTION COMPLAINT**

---

Plaintiff, ANATOLE KALETSKY, by and through counsel, THE LAW OFFICES OF MICHAEL J.S. PONTONE, ESQ., as and for the complaint against the Defendant, together and severally, alleges as follows:

## <u>INTRODUCTION</u>

1.     Plaintiff has brought this action against CRAIGSLIST, INC. ("Craigslist"), BANK OF AMERICA, N.A. ("Bank of America"), and WELLS FARGO BANK, N.A. ("Wells Fargo") (together "Defendants") to put an end to Defendants' unlawful, negligent and deceptive acts and/or practice in relation to an online rental scam.

2.     Amongst the Defendants, CRAIGSLIST, INC. sets itself out as a company that owns and operates an online classified advertisement service via its website, craigslist.org.

3.     Amongst the Defendants, BANK OF AMERICA, N.A. and WELLS FARGO BANK, N.A. set themselves out as commercial banks insured by the Federal Deposit Insurance

Corporation (FDIC) which allow account holders to send and receive electronic fund transfers.

4.      At all times mentioned herein, it is alleged that Defendants were engaging and continue to engage in negligent acts and/or practice. Craigslist has failed to prevent scammers from posting fraudulent listings, and Bank of America and Wells Fargo have failed to comply with federal customer identification law and FDIC regulations, thereby enabling scammers to open fraudulent bank accounts.

5.      Each of the above practices by Defendants Bank of America and Wells Fargo are, together and severally, separate violations of the Bank Secrecy Act, 31 U.S.C. § 5318(l), and Section 5 of the Federal Trade Commission (FTC) Act, 15 U.S.C. § 45.

6.      The Plaintiff herein, including those similarly situated, has thus adequately set forth their claims that Defendants have engaged, and continue to be engaging, in unlawful, negligent and deceptive acts and/or practice, and that the Plaintiff, and those similarly situated, have been damaged by reason thereof.

7.      Wherefore, the Plaintiff herein demands judgment as against the Defendants, together and separately, and such other and further judgment this Honorable Court deems necessary and just.

## PARTIES

8.      Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

9.      At all times herein mentioned, the Plaintiff, ANATOLE KALETSKY, was and still is a natural person, residing in London, England.

10.      At all times herein mentioned, Defendant CRAIGSLIST, INC. was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of

California.

11.     At all times herein mentioned, Defendant CRAIGSLIST, INC. was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

12.     At all times herein mentioned, Defendant CRAIGSLIST, INC. maintained a principal place of business in the State of California.

13.     At all times herein mentioned, Defendant CRAIGSLIST, INC. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

14.     At all times herein mentioned, Defendant CRAIGSLIST, INC. expected or should reasonably have expected its acts to have consequences in the State of New York.

15.     At all times herein mentioned, Defendant CRAIGSLIST, INC. derived substantial revenue from interstate or international commerce.

16.     At all times herein mentioned, Defendant BANK OF AMERICA, N.A. was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of North Carolina.

17.     At all times herein mentioned, Defendant BANK OF AMERICA, N.A. was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

18.     At all times herein mentioned, BANK OF AMERICA, N.A. maintained a principal place of business in the State of North Carolina.

19.     At all times herein mentioned, Defendant BANK OF AMERICA, N.A. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

20.     At all times herein mentioned, Defendant BANK OF AMERICA, N.A. expected

or should reasonably have expected its acts to have consequences in the State of New York.

21.     At all times herein mentioned, Defendant BANK OF AMERICA, N.A. derived substantial revenue from interstate or international commerce.

22.     At all times herein mentioned, Defendant WELLS FARGO BANK, N.A. was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of California.

23.     At all times herein mentioned, Defendant WELLS FARGO BANK, N.A. was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

24.     At all times herein mentioned, WELLS FARGO BANK, N.A. maintained a principal place of business in the State of California.

25.     At all times herein mentioned, Defendant WELLS FARGO BANK, N.A. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

26.     At all times herein mentioned, Defendant WELLS FARGO BANK, N.A. expected or should reasonably have expected its acts to have consequences in the State of New York.

27.     At all times herein mentioned, Defendant WELLS FARGO BANK, N.A. derived substantial revenue from interstate or international commerce.

## FACTS

28.     Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

29.     On or about October 8, 2024, Plaintiff inquired about renting an apartment located at 759 President Street, Brooklyn, NY 11215 which was listed on craigslist.org.

30.    According to Craigslist's website, Craigslist's services are generally free with some exceptions, including a $5.00 fee per post for apartment rentals in the NYC area.

31.    On information and belief, Craigslist collected a fee of $5.00 when the listing was posted.

32.    On information and belief, the listing was fraudulent and was posted in an attempt to scam Craigslist users into paying to rent a property that in fact was not available for rent. The listing has since been flagged for removal.

33.    Plaintiff signed a rental agreement and was instructed by the scammer to make a bank transfer to an account at Bank of America under the name "Marcelle Leblanc." Plaintiff believed this account to be legitimate because he believed that Bank of America had complied with federal customer identification regulations.

34.    On or about October 9, 2024, Plaintiff transferred $1,810.00 to the Bank of America account (see **Exhibit A**).

35.    On information and belief, the Bank of America account was fraudulent and was not in fact owned by Marcelle Leblanc.

36.    Plaintiff was never given access to the rental property.

37.    Plaintiff requested a refund and was told he would first have to transfer a $350.00 cancellation fee to an account at Wells Fargo under the name "Lawrence Green."

38.    On or about November 8, 2024, Plaintiff transferred $50.00 to the Wells Fargo account (see **Exhibit B**).

39.    On information and belief, the Wells Fargo account was fraudulent and was not in fact owned by Lawrence Green.

## CLASS ALLEGATIONS

40.     Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

41.     This action is properly maintainable as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

42.     This action is brought on behalf of the named Plaintiff individually, and a class consisting of similarly situated consumers including all persons who have fallen victim to similar scams through use of craigslist.org and/or bank transfers to accounts at Bank of America or Wells Fargo during the applicable statutes of limitations through the date a class is certified.

43.     Class members are identifiable through Defendants' records and payment databases.

44.     Excluded from the class are the Defendants; any entities in which they have a controlling interest; their agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

45.     Plaintiff proposes that he serve as Class representative.

46.     Numerosity is satisfied. There are likely thousands of Class members. Individual joinder of these persons is impracticable.

47.     There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

   a.   Whether Defendants violated the Bank Secrecy Act (BSA);

   b.   Whether Defendants violated the Federal Trade Commission Act (FTC Act);

   c.   Whether Defendants were negligent;

   d.   Whether Defendants were unjustly enriched;

   e.   Whether Plaintiff and the Class were damaged by Defendants' conduct;

f.   Whether Plaintiff and the Class are entitled to damages as a result of Defendants' actions;

g.   Whether Plaintiff and the Class are entitled to restitution; and

h.   Whether Plaintiff and the Class are entitled to attorneys' fees and costs.

48.    Plaintiff's claims are typical of the claims of the Class members. Defendants offered the same classified ad and/or electronic fund transfer services to all Class members.

49.    Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class members and Plaintiff will adequately and fairly protect the interests of the Class members. Plaintiff has hired skilled and experienced counsel to represent himself and the Class.

50.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

51.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

*Remainder of Page Intentionally Left Blank*

## COUNT I

**Violation of the Bank Secrecy Act,**
**31 U.S.C. § 5318**
**On Behalf of Plaintiff and the Class**
**(Against Bank of America and Wells Fargo)**

52.     Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

53.     The Bank Secrecy Act (BSA), 31 U.S.C. § 5318, is an anti-money laundering (AML) law authorizing the Treasury Department to impose requirements on financial institutions in order to detect and prevent money laundering. The BSA and implementing regulations at 31 CFR § 1020.220 and 12 CFR 326.8 require financial institutions and particularly FDIC-supervised institutions to implement procedures for "verifying the identity of any person seeking to open an account to the extent reasonable and practicable." (31 U.S.C. § 5318[l])

54.     The implementing regulations at 31 CFR § 1020.220 require banks to obtain certain information from a customer before opening an account, including their name, date of birth, address, and taxpayer identification number or equivalent. Banks must then verify said information through documents such as a driver's license or passport, or through non-documentary methods such as information obtained from consumer reporting agencies, public databases or financial statements (31 CFR § 1020.220[a][2][ii])

55.     Banks are also required to implement "procedures for responding to circumstances in which the bank cannot form a reasonable belief that it knows the true identity of a customer," including when the bank should not open an account. (31 CFR § 1020.220[a][2][iii])

56.     On information and belief, Bank of America and Wells Fargo violated the Bank Secrecy Act by failing to properly verify the identities of account holders "Marcelle Leblanc"

and "Lawrence Green" before opening their accounts.

57.     Plaintiff and the Class members were harmed by this deceptive conduct.

58.     Plaintiff and the Class members seek treble damages and reasonable attorneys' fees and costs.

<u>**COUNT II**</u>

**Violation of Section 5 of the Federal Trade Commission Act,**
**15 USC § 45**
**(Against Bank of America and Wells Fargo)**

59.     Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

60.     Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 USC § 45, prohibits "unfair or deceptive acts or practices in or affecting commerce." The prohibition applies to all persons engaged in commerce, including banks. Under section 8 of the Federal Deposit Insurance Act, the Board has the authority to take appropriate action when unfair or deceptive acts or practices are discovered.

61.     Defendants Bank of America and Wells Fargo engaged in "commerce" when they offered electronic fund transfer services to Plaintiff and the Class members.

62.     Defendants Bank of America and Wells Fargo engaged in unfair and deceptive acts when they advertised their deposit products as "FDIC-insured" and themselves as FDIC members, representing themselves as trustworthy, government-backed institutions, while failing to comply with FDIC regulations:

*Bank of America deposit products:*  **FDIC**  *FDIC-Insured - Backed by the full faith and credit of the U.S. Government*

Bank of America, N.A. Member FDIC. <u>Equal Housing Lender</u> 

Deposit products offered by Wells Fargo Bank, N.A. Member FDIC.

63.     Reasonable consumers would expect that Bank of America and/or Wells Fargo have complied with FDIC regulations, including customer identification regulations, when deciding whether to transfer money to an account at either bank.

64.     Contrary to the expectations of reasonable consumers, Bank of America and Wells Fargo have not complied with FDIC regulations, despite advertising otherwise.

65.     Bank of America and Wells Fargo are therefore in violation of the FTC Act.

66.     Plaintiff and the Class members were harmed by this deceptive conduct.

67.     Plaintiff and the Class members seek treble damages and reasonable attorneys' fees and costs.

## COUNT III

### Negligence
### (Against Craigslist, Bank of America and Wells Fargo)

68.     Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

69.     Defendant Craigslist negligently, carelessly, and/or recklessly failed to prevent fraudulent listings from being posted on its website, to the detriment of the Plaintiff and those of the same putative class.

70.     Defendants Bank of America and Wells Fargo negligently, carelessly, and/or recklessly failed to comply with federal law and FDIC regulations concerning customer identity verification, to the detriment of the Plaintiff and those of the same putative class.

71.     Plaintiff and the Class members were harmed by this negligent conduct.

## COUNT IV

**Unjust Enrichment**
**On Behalf of Plaintiff and the Class**
**(Against Craigslist, Bank of America and Wells Fargo)**

72.     Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

73.     Defendant Craigslist benefitted from the fraudulent listings in the form of posting fees, at the expense of Plaintiff and the Class members, who were subsequently exposed to injury by the posters of said listings.

74.     Defendants Bank of America and Wells Fargo benefitted from the fraudulent bank accounts in the form of minimum opening deposits, at the expense of Plaintiff and the Class members, who were subsequently exposed to injury by the holders of said accounts.

75.     Defendants' retention of these benefits is unjust because Defendants fraudulently profited off of their exposure of Plaintiff and the Class members to injury.

76.     Plaintiff and the Class members are entitled to restitution and Defendants are required to disgorge the benefits they unjustly obtained.


**WHEREFORE**, the Plaintiff prays for the following relief:

A.     An Order certifying the proposed Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent them;

B.     Monetary and/or equitable relief in an amount to be determined at trial;

C.     Statutory damages and/or penalties, including treble damages;

D.     Punitive or exemplary damages;

E.     Pre- and post-judgment interest to the extent provided by law;

F.      Attorneys' fees and costs of suit, including costs of notice, administration, and expert fees; and

G.      Such other legal or equitable relief, including injunctive or declaratory relief, as the Court may deem appropriate.

Dated: New York, New York
      December 2, 2024

                                          *s/Michael J.S. Pontone, Esq.*
                                          Michael J.S. Pontone, Esq.
                                          The Law Offices of Michael J.S. Pontone, Esq., P.C.
                                          Attorneys for Plaintiff
                                          233 Broadway, Suite 2340
                                          New York, NY 10279
                                          (917) 648-8784

To:
CRAIGSLIST, INC.
1381 9th Avenue
San Francisco, CA 94122

BANK OF AMERICA, N.A.
100 North Tryon St
Charlotte, NC 28255

WELLS FARGO BANK, N.A.
420 Montgomery St
San Francisco, CA 94163

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ANATOLE KALETSKY, individually and on behalf of others
similarly situated,

                       Plaintiff,

       -against-

CRAIGSLIST, INC., BANK OF AMERICA, N.A., and WELLS
FARGO BANK, N.A.,

                       Defendants.
_____

CASE NO.: 1:25-cv-1852

**INDIVIDUAL
VERIFICATION**


       ANATOLE KALETSKY, being duly sworn, deposes and says:

       I am Plaintiff in the above-entitled action. I have read the foregoing complaint and know

the contents thereof. The same is true to my knowledge, except as those matters therein stated to

be alleged on information and belief, and as to those matters I believe them to be true.

                                 _____
                                 ANATOLE KALETSKY
                                 Plaintiff

Sworn before me this
__8th__ day of __December__, 2024.


_____
Notary Public

Notarized online using audio-video communication

| ARTHUR FUTORYAN |
| :---: |
| **NOTARY PUBLIC - STATE OF NEW YORK** |
| No.: 01FU0025044 |
| Qualified in Queens County |
| Commission Expires: 05/22/2028 |

State of New York   )

                     ) ss.:

County of Queens   )

       On the ___8th___ day of ___December___ in the year 20_24_, before me, the undersigned notary public, personally appeared through use of audio and video communication technology ___ANATOLE KALETSKY___, personally known to me or proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the within attached instrument, and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Notarized online using audio-video communication

ARTHUR FUTORYAN
**NOTARY PUBLIC - STATE OF NEW YORK**
No.: 01FU0025044
Qualified in Queens County
Commission Expires: 05/22/2028

*CASE NO.:* 1:25-cv-1852

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**ANATOLE KALETSKY, individually and on behalf of others similarly situated,**

**PLAINTIFF,**

**-AGAINST-**

**CRAIGSLIST, INC., BANK OF AMERICA, N.A., AND WELLS FARGO BANK, N.A.,**

**DEFENDANTS.**

---

### *SUMMONS & VERIFIED CLASS ACTION COMPLAINT*

---

Michael J.S. Pontone, Esq.
**THE LAW OFFICES OF MICHAEL J.S. PONTONE, ESQ., P.C.**
Attorneys for Plaintiff
233 Broadway, Suite 2340
New York, NY 10279
(917) 648-8784